28625.   WEEKS *et al. v.* McGAHEE.

DECIDED JANUARY 20, 1941.   REHEARING DENIED MARCH 26, 1941.

*W. Wright Abbot,* for plaintiffs.

*M. C. Barwick, M. Cook Barwick,* for defendant.

FELTON, J. (After stating the foregoing facts.)

■ It was not error for the court to charge the jury that the burden of proof was on the plaintiffs, under the circumstances above related. The defendant withdrew his admission of a prima facie case, and waived his contention for the opening and concluding argument. Before the arguments the court announced that the plaintiffs were entitled to the opening and conclusion, and they will be deemed to have acquiesced in the ruling which they invoked, and to have taken advantage of it, in the absence of a showing to the contrary. This being true, they are estopped to complain of the charge.

■ The $1866 note was transferred by the bank to the plaintiffs on the day it was executed. Its validity depends upon a contract by McGahee with the plaintiffs or with the bank furnishing a consideration for its execution. Under McGahee's testimony, if there was any contract at all for the signing of this note, it was with the *bank* acting through W. E. Weeks. According to the testimony of McGahee, the cashier of the bank, and W. E. Weeks, the old notes were not taken up by the bank. The cashier and Weeks swore that the bank never did agree to do so. If there was no agreement on the part of the bank to take up the old notes, there was no consideration for the execution of the $1866 note to the bank, for

the simple reason that McGahee did not owe the bank that money. The jury believed McGahee's version of the transactions and were authorized to find that the plaintiffs knew when the note was transferred to them that it was without consideration. The same is true as to the bill of sale. It is of course true that if the jury decided that the situation was as represented by the cashier and Mr. Weeks, the contract would have been between the plaintiffs and McGahee, and it would have been as if McGahee had executed the note and bill of sale to the plaintiffs, but under the evidence as found by the jury to be true there was no consideration for the $1866 note. Consequently the bank could transfer nothing when it had nothing. There was no basis for a holding that McGahee ratified a fraud practiced on him by the bank. The evidence showed that McGahee did not know of the transfer of the note by the bank. There was no evidence demanding a finding that McGahee knew that the bank did not agree to take up the old notes, or that such an arrangement had not been made between the bank and the plaintiffs. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*